UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES JACQUES** | **CIVIL ACTION NO. 23-3669** |
| **VERSUS** | **DISTRICT JUDGE FALLON** |
| **AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA** | **MAGISTRATE JUDGE VAN MEERVELD** |

<u>**ORDER AND REASONS**</u>

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (5), or (6) filed by Defendant American Bankers Insurance Company of Florida ("American"). R. Doc. 25. Plaintiff James Jacques opposes the Motion. R. Doc. 30. Having considered the briefing, in light of the applicable law and record facts, the Court will GRANT the Motion for the following reasons.

## I.    BACKGROUND & PRESENT MOTION

Plaintiff filed this action on August 18, 2023, originally naming as the sole defendant GEICO Insurance Company ("Geico"). R. Doc. 1. Plaintiff asserted that his property, located at 3008 St. Anthony Avenue, New Orleans, Louisiana 70122, had been damaged during Hurricane Ida on August 29, 2021, and was insured against property damage on that date by a policy issued by Geico. *Id.* at 1, 3. He claimed that Geico had not adequately performed under the policy and raised claims against it for breach of contract and bad faith penalties under La. R.S. 22:1892 and La. R.S. 22:1973. *Id.* at 5–10. Over six months later, on March 13, 2024, Plaintiff filed an amended complaint stating substantively the same claims and allegations, but now naming as defendant American in place of Geico. R. Doc. 10. But Plaintiff failed to serve American with the complaint. Almost two years later, on February 3, 2026, this Court issued an order to show cause why Plaintiff's claims should not be dismissed for want of prosecution due to the lack of service on

1

American. R. Doc. 21. Plaintiff then served American on February 11, 2026, approximately two and a half years after this action was filed.

American now moves this Court to dismiss Plaintiff's complaint on several grounds. R. Doc. 25. *Inter alia*, American argues that Plaintiff's claims are time-barred because the amended complaint first naming American as a defendant to this action was filed over two years after the August 29, 2026 loss date. R. Doc. 25-1 at 8–9; *see also* R. Doc. 25-2 (insurance contract) ("No action shall apply against us unless . . . The action is brought within two years after the date on which the loss occurred."); La. R.S. 22:868. In opposition, Plaintiff argues his amended complaint relates back to the original complaint, thus rendering it timely. R. Doc. 30 at 7–9.

## II.    APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Under Rule 12(b)(6),

2

dismissal is proper when the complaint makes plain that the claim is time-barred and raises no basis for tolling. *Petrobras Am., Inc. v. Samsung Heavy Indus. Co., Ltd.*, 9 F.4th 247, 253 (5th Cir. 2021) (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

### III.   DISCUSSION

Federal Rule of Civil Procedure 15(c)(1) provides that an amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Because the amendment in question changes the party against which Plaintiff's claim is asserted, under Rule 15(c)(1), Plaintiff's amended complaint may relate back to the date of his original complaint if either (1) Louisiana law allows relation back in this circumstance or (2) the requirements of Rule 15(c)(1)(C) are met. The Court will discuss each option in turn.

### A.  Louisiana Law

La.C.C.P. art. 1153 provides: "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading." However, the Louisiana Supreme Court has established several criteria "for determining whether art. 1153 allows an amendment which changes the identity of the party or parties sued to relate

3

back to the date of filing of the original petition[.]" *Ray v. Alexandria Mall, Through St. Paul Prop. & Liab. Ins.*, 434 So. 2d 1083, 1086 (La. 1983). Importantly, one of these criterium is that the "purported substitute defendant *must not be a wholly new or unrelated defendant*, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed." *Id.* at 1087 (emphasis added). Here, Plaintiff amended his complaint to substitute American, a wholly new and unrelated defendant, for Geico. Accordingly, Louisiana law does not permit Plaintiff's amended complaint to relate back to his initial complaint under these circumstances.

### B.  Rule 15(c)(1)(C)

When, as here, the amendment changes the party against whom a claim is asserted, Rule 15(c)(1)(C) permits relation back when (1) the requirements of Rule 15(c)(1)(B) are fulfilled, and (2) the party sought to be brought in by amendment "received such notice of the action that it will not be prejudiced in defending on the merits" and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity" *within the period provided by Rule 4(m) for serving the summons and complaint.* Federal Rule of Civil Procedure 4(m) requires that a defendant be served within 90 days after the complaint was filed. In this case, American was not served until February 11, 2026—well beyond 90 days after either the August 18, 2023 filing of the initial complaint, or the March 13, 2024 filing of the amended complaint. Accordingly, Rule 15(c)(1)(C) also does not permit relation back under these circumstances.

### IV.    CONCLUSION

Accordingly, for the foregoing reasons;

**IT IS ORDERED** that Defendant American Bankers Insurance Company of Florida's Motion to Dismiss is **GRANTED** and that all claims raised in this action are hereby **DISMISSED WITH PREJUDICE** as time-barred.

New Orleans, Louisiana, this 24th day of March, 2026.

_____

United States District Judge